IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:06-1220-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Tavis Barnette, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant asserts three claims for relief. The Government filed a response and motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded in opposition to the Government's motion on May 6, 2009. For the reasons set forth below, the court appoints Joshua S. Kendrick, Esquire, to represent Defendant in this matter for the purposes of briefing and hearing on the issues discussed below.

**BACKGROUND**

On July 9, 2007, Defendant pleaded guilty to possession with intent to distribute five grams or more of "crack" cocaine and possession of a firearm during and in relation to a drug trafficking offense. On January 10, 2008, the court began a sentencing proceeding which was continued because Defendant challenged the validity of one of two prior convictions which made him a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines ("Guidelines"). On January 24, 2008, the court overruled Defendant's objection and sentenced him to 295 months' imprisonment. Defendant did not file an appeal.

Defendant's first ground for relief contends his counsel was ineffective in failing to file an appeal. In his second and third grounds, Defendant argues that his sentence is invalid as he is not

a "career offender" because his prior state conviction for failure to stop for a blue light ("FTSBL") no longer qualifies as a predicate offense. *See Begay v. United States*, 553 U.S. ___, 128 S.Ct. 1581 (2008).[1]

#### INEFFECTIVE ASSISTANCE OF COUNSEL – FAILURE TO FILE NOTICE OF APPEAL

Defendant's motion, submitted under the penalty of perjury, contends that

> the trial judge advised [Defendant] he had a right to appeal his sentence, and informed [Defendant] his notice of appeal had to be filed within 10 days of the imposed judgment. [Defendant] informed counsel that he wanted to appeal his sentence and counsel promised that he would file the appeal, but no appeal was ever filed.

Mot. at 13 (Dkt. # 61, filed Jan. 23, 2009). In support of its motion for summary judgment, the Government submitted the affidavit of Lowell E. Bernstein (Bernstein), Defendant's attorney in this court. Bernstein avers that "I met with Mr. Barnett[e] once after the plea. I recall discussing possible downward departures pursuant to Rule 35(b) but do not recall Mr. Barnett[e] directing me to file an appeal or me assuring Mr. Barnett[e] that I would file a notice of appeal." Aff. of Lowell E. Bernstein at ¶5 (Dkt. # 73-2, filed Apr. 1, 2009). Nowhere in Bernstein's affidavit does he indicate that he met with Defendant *after sentencing* to fulfill his duty to consult regarding an appeal, nor does he specifically deny that Defendant requested an appeal be filed.

The Government relies upon – and the court is mindful of – Defendant's waiver of his direct appeal in his plea agreement. However, "[a] waiver has no binding effect if the defendant did not

---

[1] On April 25, 2009, Defendant forwarded to this court a document entitled "Emergency Writ of Habeas Corpus for a Show Cause Order." This document was filed in this case as a motion for a show cause order. Dkt. # 78 (filed Apr. 28, 2009). Defendant seeks a show cause order directing the Warden of Edgefield FCI to provide him typewriter ribbon, to which he claims that he is being denied access. Because Defendant has submitted a timely handwritten response to the Government's summary judgment motion in this matter, Defendant's motion, as applied to this matter, is **moot**.

2

enter into it knowingly and voluntarily; and even a knowing and voluntary waiver of the right to appeal cannot prohibit the defendant from challenging a few narrowly-construed errors." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). For example, a defendant who had signed an appeal waiver would still be able to appeal and challenge whether an appealed issue was properly within the scope of the waiver. Additionally, a defendant would be able to appeal a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of a guilty plea. *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994).

Mindful of these circumstances and existing case law,[2] the court has determined that an evidentiary hearing is warranted as to this ground, and accordingly sets it for hearing as indicated below.

### DESIGNATION AS CAREER OFFENDER – FAILURE TO STOP FOR A BLUE LIGHT – BEGAY

Defendant's second and third claims for relief assert that he should not have been sentenced as a "Career Offender" because his prior South Carolina conviction for failure to stop for a blue light (FTSBL) no longer operates to qualify him for this designation. The Government argues that Defendant knowingly and voluntarily waived his right to file a § 2255 motion in his plea agreement, and that his motion should be denied on this basis.

On April 16, 2008, the Supreme Court decided *Begay v. United States*, 553 U.S. ___, 128 S.Ct. 1581 (2008). The *Begay* Court held that New Mexico's felony offense of driving under the

---

[2]*See, e.g.*, *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005) ("If the evidence establishes . . . Defendant's attorney acted contrary to his client's wishes . . . prejudice is to be presumed, and Defendant is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions in his appeal waiver.").

3

influence of alcohol is not a "violent felony" within the meaning of the 18 U.S.C. § 924(e) (the "Armed Career Criminal Act" (ACCA)).[3] The Court ruled that "for purposes of the [ACCA], a prior record of DUI, a strict liability crime, differs from a prior record of violent and aggressive crimes committed intentionally such as arson, burglary, extortion, or crimes involving the use of explosives. The latter are associated with a likelihood of future violent, aggressive, and purposeful 'armed career criminal' behavior in a way that the former are not." *Begay*, 553 U.S. at ____, 128 S.Ct. at 1588.

"[T]he line drawn in the sand by the Court in *Begay* was that prior crimes that involved purposeful, violent, and aggressive conduct increased the likelihood that a defendant would use a gun during the commission of the later offense, while a prior crime that did not involve purposeful, violent, and aggressive conduct did not increase such a likelihood." *United States v. Roseboro*, 551 F.3d 226, 233 (4th Cir. 2009). In *Roseboro*, the Fourth Circuit reexamined its prior holding in *United States v. James*, 337 F.3d 387 (4th Cir. 2003), that FTSBL is always a violent felony under the "residual clause" of § 924(e). In *Roseboro*, the Fourth Circuit concluded that its previous holding in *James* could not survive *Begay*. *Roseboro*, 551 F.3d at 226. The *Roseboro* court concluded that the South Carolina "blue light" statute is "categorically overbroad" as it allows conviction for both intentional and unintentional conduct. *Id*. at 240. Finding that it was not clear whether Roseboro's prior South Carolina "blue light" convictions involved intentional or unintentional conduct, the Fourth Circuit remanded the case "to allow [ ] the district court to consult such additional materials as may be appropriate . . . and determine from those materials whether

---

[3]The definition of "crime of violence" contained in the Guidelines is substantially similar to the definition of the term "violent felony" in the ACCA that the Supreme Court construed in *Begay*. "Since the language defining a violent felony in § 924(e) is nearly identical to and materially indistinguishable from the language defining a crime of violence in [Guidelines] § 4B1.2, we look to our case law interpreting both sections when examining whether a prior crime falls within these sections." *United States v. Johnson*, 246 F.3d 330, 333 (4th Cir. 2001).

4

these convictions involved intentional violations of § 56-5-750(A)." *Id*. at 240. The Fourth Circuit reaffirmed that even post- *Begay*, "[t]he intentional act of disobeying a law enforcement officer by refusing to stop for his blue light signal, without justification, is inherently an aggressive and violent act, and therefore, a violent felony under the ACCA." *Id*.

To the extent that the Supreme Court's *Begay* ruling may have called into question whether Defendant's previous FTSBL conviction qualifies as a "crime of violence" under § 4B1.1,[4] relief under § 2255 could be available to Defendant if his argument was sound and had been properly preserved by presentation in the district and appellate courts. *Bousley v. United States*, 523 U.S. 614, 621 (1998).

Defendant argued at sentencing that he was not the driver of the vehicle in question (a factual issue), not whether or not the offense itself qualified as a "crime of violence" under the Guidelines. Therefore, to the extent that Defendant seeks to now argue that the offense of FTSBL does not qualify as a "crime of violence" under the Guidelines, this argument has been defaulted, as it was not properly preserved in the district court. However, default can be overcome and Defendant may argue the merits of his claim to this court if Defendant can show either cause and prejudice for his failure to raise the argument or actual innocence. *Id*. at 622. Ineffective assistance of counsel can constitute cause for failure to raise an issue prior to § 2255 review. *See*, *e.g.*, *Auman v. United States*, 67 F.3d 157, 162 (8th Cir.1995); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir.1995); *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993). *Cf. Smith v. Dixon*, 14 F.3d 956, 973 (4th Cir.) (in a § 2254 action, "[a]n attorney's effectiveness may constitute cause for excusing a procedural default when a [defendant] has a constitutional right to effective assistance of counsel

---

[4]The Fourth Circuit's *Roseboro* decision is a specific application of *Begay*'s controlling authority.

5

and when that assistance is constitutionally ineffective"), *cert. denied*, 513 U.S. 841 (1994). However, Defendant's argument regarding counsel's alleged ineffectiveness goes to an alleged failure to file a notice of appeal, not that counsel was ineffective in failing to argue that FTSBL was not a "crime of violence" under the Guidelines. Therefore, Defendant must be able to establish that he is "actually innocent" of being a career offender. "Actual innocence" in this circumstance would mean that Defendant is not a career offender within the meaning of the Guidelines because his FTSBL conviction does not qualify as a predicate "crime of violence." *See United States v. Maybeck*, 23 F.3d 888, 893 (4th Cir. 1994) (finding that in non-capital cases, the length of a defendant's sentence may be aggravated "by factors specified by statute or the Guidelines," and that "it would be difficult to think of one who is more innocent of a sentence than a defendant sentenced under a statute that by its very terms does not even apply to the defendant.") (internal quotations and citation omitted). *See also United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) (limiting *Maybeck*'s holding relating to "actual innocence" claims and the guidelines to the "context of eligibility for application of career offender or other habitual offender guideline provision.").

### CONCLUSION

Accordingly, the court appoints Joshua S. Kendrick to represent Defendant and directs the parties to brief the issues raised in this order relating to Defendant's waiver of his § 2255 motion, his default of his FTSBL argument, and specifically the related arguments of whether Defendant might be "actually innocent" of the enhancement. Defendant, through appointed counsel, is directed to file a brief containing arguments relating to these issues by **Friday, July 31, 2009**. The Government shall file a response by **Friday, August 7, 2009**. This matter is set for argument and

(if applicable) re-sentencing on **Tuesday, August 18, 2009, at 2:00 p.m.** The Government shall

ensure Defendant's presence at the hearing on August 18, 2009.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 1, 2009

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\06-1220 Tavis Barnette appt cnsl set briefing evidentiary hearing.wpd